Filed 10/10/22 P. v. Garcia CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>JOSE GARCIA,<br><br>　　　Defendant and Appellant. | B308825<br><br>(Los Angeles County<br>Super. Ct. No. BA318570) |

APPEAL from an order of the Superior Court of Los Angeles County, Norm Shapiro, Judge. Affirmed.

Gail Harper, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

_____

In 2009, a jury found Jose Garcia guilty of first degree murder and found true a special circumstance allegation that the murder was intentional and perpetuated by discharging a firearm from a motor vehicle with the intent to inflict death upon a person outside the vehicle. The jury also found gang and firearm enhancement allegations to be true. The prosecution's theory at Garcia's trial was that Garcia was a direct aider and abettor (the driver) in a gang-related drive-by shooting. In 2012, we affirmed Garcia's murder conviction in his direct appeal, in which he challenged the admission of a gang expert's testimony, among other things.

In the present appeal, Garcia challenges the trial court's denial of his petition for resentencing under Penal Code section 1172.6 without issuing an order to show cause and holding an evidentiary hearing.[1] He acknowledges the record shows the jury found he acted with express malice as a direct aider and abettor in the murder (and there were no jury instructions given on felony murder or the natural and probable consequences doctrine). Notwithstanding those circumstances, he contends he is eligible for vacation of his murder conviction under section 1172.6, a statute which authorizes relief for, among others, a person convicted of murder under a theory in which malice was imputed to the person based solely on the person's participation

_____

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text (Stats. 2022, ch. 58, § 10). Garcia filed his petition prior to this renumbering, and he therefore referred to the statute as section 1170.95 in his petition. In this opinion, for the sake of consistency, we refer to the statute by its current designation, section 1172.6.

Undesignated statutory references are to the Penal Code.

2

in the crime. He argues the jury impermissibly imputed malice to him based on gang membership, due to improperly admitted gang expert testimony. We affirm the order denying the petition for resentencing because Garcia's record of conviction shows as a matter of law he is ineligible for relief under section 1172.6 because the jury necessarily found he was a direct aider and abettor in the murder who acted with express malice. His arguments regarding improperly admitted gang expert testimony and insufficiency of the evidence of malice are not within the scope of section 1172.6.

## BACKGROUND

### I.     Trial and Direct Appeal

In 2009, Garcia was tried for one count of murder with codefendant, Steven Menendez. There were no other offenses charged in the information. The prosecution's theory of the case as presented at trial was that 16-year-old Garcia and 14-year-old Menendez were gang members who committed a gang-motivated drive-by shooting, resulting in one fatality. The prosecution presented evidence that Garcia was the driver and Menendez was the passenger and shooter. The prosecution's gang expert opined that Garcia and Menendez were members of a criminal street gang, and they committed their crime for the benefit of the gang. Garcia testified in his defense, acknowledging he drove the car and Menendez was his passenger during the shooting. Garcia also testified that a third man, Noel Velasco (deceased at the time of trial), was in the car, and Velasco fired the fatal shot from inside the car. Garcia further testified that he had not seen a gun in the car, and he indicated he did not know Velasco was going to shoot anyone. Garcia called his own gang expert, who opined that Velasco committed the shooting for personal reasons

rather than to benefit the gang. Defense witnesses testified that a member of a rival gang had impregnated Velasco's girlfriend.[2]

Using CALJIC No. 3.01, "Aiding and Abetting—Defined," the trial court instructed the jury:

"A person aids and abets the commission or attempted commission of a crime when he or she:

"(1) With knowledge of the unlawful purpose of the perpetrator, and

"(2) With the intent or purpose of committing or encouraging or facilitating the commission of the crime, and

"(3) By act or advice aids, promotes, encourages or instigates the commission of the crime.

"Mere presence at the scene of a crime which does not itself assist the commission of the crime does not amount to aiding and abetting.

"Mere knowledge that a crime is being committed and the failure to prevent it does not amount to aiding and abetting."

The trial court also instructed the jury, in pertinent part, on malice aforethought (CALJIC No. 8.11) and deliberate and

---

[2] This brief overview of the circumstances of the shooting is taken from our opinion in Garcia's direct appeal. (*People v. Garcia* (Oct. 30, 2012, B221672) [nonpub. opn.], pp. 2-3, 5-8.) We provide this summary only to give context to Garcia's contentions in this appeal. These facts are not material to our legal analysis, and we do not rely on them as the basis for affirming the trial court's order denying Garcia's section 1172.6 petition. As discussed below, the jury instructions given at Garcia's trial and the jury's verdict demonstrate Garcia is ineligible for resentencing under section 1172.6 as a matter of law. We note that our summary of facts is not inconsistent with the facts Garcia presented in his briefing in this appeal.

premeditated murder (CALJIC No. 8.20), the only theory of first degree murder presented to the jury.  The court further instructed the jury on two special circumstances:  intentional discharge of a firearm from a motor vehicle (§ 190.2, subd. (a)(21)) and intentional killing by an active street gang member (§ 190.2, subd. (a)(22)).  The court did not instruct the jury on felony murder or murder under a natural and probable consequences theory.

The jury found Garcia and Menendez guilty of first degree murder and found true the special circumstance allegation that "the murder was intentional and perpetrated by means of discharging a firearm from a motor vehicle, intentionally at another person and persons outside the vehicle with the intent to inflict death pursuant to [section] 190.2[, subd.] (a)(21)."  The jury also found true the special enhancement allegations that the murder was committed for the benefit of, at the direction of, or is in association with a criminal street gang within the meaning of section 186.22, subdivision (b)(1)(C), and a principal personally and intentionally discharged a firearm in the commission of the murder within the meaning of section 12022.53, subdivisions (b)-(e).  As to both Garcia and Menendez, the jury was unable to agree on the special circumstance allegation that "the defendant intentionally killed [the victim] while the defendant was an active participant in a criminal street gang and the murder was carried out to further the activities of the criminal street gang pursuant to [section] 190.2[, subd.] (a)(22)."  The jury also made no findings on the allegations that Menendez had personally and intentionally used and discharged a firearm.

The trial court granted Garcia's motion to set aside the special circumstance allegation, which would have required the

5

court to sentence him to life without the possibility of parole under section 190.5, subdivision (b). The court sentenced Garcia to 50 years to life in prison: 25 years to life for the first degree murder plus 25 years to life for the firearm enhancement under section 12022.53, subdivision (d). The court also sentenced Menendez to 50 years to life.

Garcia and Menendez appealed their convictions, raising numerous claims of trial and sentencing error. One of the contentions they asserted in the direct appeal, which Garcia again raises in the present appeal, is that the trial court erred in admitting the prosecution's gang expert's testimony. Citing *People v. Killebrew* (2002) 103 Cal.App.4th 644 (*Killebrew*), disapproved on other grounds in *People v. Vang* (2011) 52 Cal.4th 1038, which Garcia also relies on in the present appeal, Garcia and Menendez argued in their direct appeal that the prosecution's gang expert's testimony was improper because, among other things, the expert testified directly to the defendants' motives and mental states at the time of the shooting. (*People v. Garcia*, *supra*, B221672, pp. 31-35.) In accordance with *People v. Vang*, we rejected Garcia and Menendez's challenge to the prosecution's gang expert's testimony, concluding the expert "was properly permitted to express an opinion, based on hypothetical questions that tracked the evidence, that the shooting (if the jury found it had in fact occurred as the prosecution's evidence indicated) would have been for a gang purpose." (*Garcia*, at p. 35.) We also rejected Garcia and Menendez's other claims of error and affirmed the judgment.

## II.    Garcia's Section 1172.6 Petition

In 2018, the Legislature enacted Senate Bill No. 1437 "to amend the felony murder rule and the natural and probable

consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Sen. Bill No. 1437 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1015, § 1(f), p. 6674; §§ 188, subd. (a)(3) & 189, subd. (e).) Senate Bill No. 1437 amended sections 188 (defining malice) and 189 (felony murder) and added section 1170.95, now renumbered section 1172.6, which established a procedure for vacating murder convictions and resentencing defendants who could no longer be convicted of murder in light of the amendments to sections 188 and 189. (Stats. 2018, ch. 1015, § 4, pp. 6675–6677.)

On March 15, 2019, Garcia filed a form petition for resentencing under former section 1170.95, now section 1172.6. In the petition, he checked boxes stating, in pertinent part, that he was convicted of first degree murder pursuant to the felony murder rule or the natural and probable consequences doctrine, and he could not now be convicted of that crime because of changes to sections 188 and 189, effective January 1, 2019. He also checked the box requesting the trial court appoint counsel to represent him in connection with his petition.

The trial court appointed counsel to represent Garcia, and the district attorney filed a response to Garcia's petition. The district attorney pointed out Garcia "was prosecuted as a direct aider and abettor to the murder[, who] participated in a drive-by murder of the victim with the intent to kill." His jury was not instructed on felony murder or murder under a natural and probable consequences theory. Therefore, the district attorney argued, Garcia was ineligible for relief under the statute. The

7

district attorney attached to the response the jury instructions given at Garcia's trial and our opinion in Garcia's direct appeal, among other exhibits.

Garcia, through his appointed counsel, filed a reply brief in support of his petition for resentencing. He conceded he was not convicted of felony murder or murder under a natural and probable consequences theory. He summarized evidence presented at trial, citing the reporter's transcripts of the trial. He argued there was no substantial evidence he acted with malice. He asserted malice was imputed to him "as the natural and probable consequence of driving in a car with a fellow gang member" into "a rival's territory," based on the prosecution's gang expert's "impermissible" testimony that Garcia "knew a passenger had a gun and he intended to facilitate murder."

On October 7, 2020, after hearing oral argument from the parties, the trial court denied Garcia's petition without issuing an order to show cause and holding an evidentiary hearing. As the court explained at the hearing, it concluded Garcia "failed to bring this case within the parameters of [section] 1170.95[, subdivision] (a)," now renumbered as section 1172.6.

## DISCUSSION

### I. Garcia Is Ineligible for Relief Under Section 1172.6 as a Matter of Law

#### A. Section 1172.6 and Other Applicable Law

Under section 1172.6, subdivision (a), "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with

8

the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply:  [¶]  (1)  A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, or attempted murder under the natural and probable consequences doctrine.  [¶]  (2)  The petitioner was convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder.  [¶]  (3)  The petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019."

Senate Bill No. 1437 added the following provision to section 188:  "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought.  Malice shall not be imputed to a person based solely on his or her participation in a crime."  (§ 188, subd. (a)(3).)  The effect of this amendment was to "eliminate[ ] natural and probable consequences liability for first and second degree murder."  (*People v. Gentile* (2020) 10 Cal.5th 830, 849 (*Gentile*).)  Senate Bill No. 1437 also added subdivision (e) to section 189, limiting felony murder liability to a person who was the actual killer, acted with the intent to kill, or was a major participant in the underlying felony and acted with reckless indifference to human life.  (*Gentile*, *supra*, at p. 842.)

When a defendant files a facially sufficient petition under section 1172.6, the trial court must appoint counsel to represent the petitioner, allow briefing from both sides, and hold a hearing to determine whether the petitioner has made a prima facie showing for relief.  (§ 1172.6, subds. (b)-(c).)  As our Supreme Court explained:  "While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited.  Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved.  If so, the court must issue an order to show cause." '  [Citations.]  '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'  [Citations.]  'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' "  (*People v. Lewis* (2021) 11 Cal.5th 952, 971.)

If the trial court issues an order to show cause, the final step in the process is a hearing to determine if the petitioner is entitled to relief, where the trial court must vacate the petitioner's murder (or attempted murder or manslaughter) conviction and resentence him or her on any remaining counts unless the prosecution can "prove, beyond a reasonable doubt, that the petitioner is guilty of murder or attempted murder under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019."  (§ 1172.6, subd. (d)(3).)

**B.     Inapplicability of Section 1172.6 to Garcia's Case**

Garcia and Menendez were charged with one count of murder. Based on the jury instructions given at trial and the jury's verdict, as summarized above, it is clear Garcia was prosecuted as a direct aider and abettor to murder, and the jury found he intended to aid and abet a first degree, deliberate and premeditated murder.[3] Garcia concedes the only theory of his liability presented at trial was as a direct aider and abettor to murder, and the jury necessarily found he acted with express malice.

Garcia could be prosecuted for murder under the same direct aiding and abetting theory today. "Senate Bill 1437 does not eliminate direct aiding and abetting liability for murder because a direct aider and abettor to murder must possess malice aforethought." (*Gentile*, *supra*, 10 Cal.5th at p. 848.) The

---

[3] Garcia contends we must reverse the order denying his section 1172.6 petition because the trial court impermissibly relied on the factual summary in this court's opinion in his direct appeal. We reject this contention. The specific evidence presented at trial regarding the facts and circumstances of the shooting is immaterial to the analysis of whether Garcia made a prima facie case for relief under section 1172.6. The jury instructions and verdict demonstrate Garcia is ineligible for relief under section 1172.6 as a matter of law because he was prosecuted as a direct aider and abettor to murder, and the jury found he intended to aid and abet a first degree, deliberate and premeditated murder. For the same reason, we decline to strike the Attorney General's brief, as Garcia asks us to do because the Attorney General provides a factual account taken from the appellate opinion. As in this opinion, the facts are provided for context and are not material to the legal analysis.

11

amendments to sections 188 and 189 are not relevant to Garcia's case. Thus, he cannot show he "could not presently be convicted of murder . . . because of changes to Section 188 or 189 made effective January 1, 2019," a statutorily mandated prerequisite for a section 1172.6 petition. (§ 1172.6, subd. (a).) He is ineligible for relief under section 1172.6 as a matter of law.

Garcia asserts his case falls within the scope of section 1172.6 because he was prosecuted on a "theory under which malice is imputed to a person based solely on that person's participation in a crime," and changes to the law now preclude such a prosecution. (§ 1172.6, subd. (a); § 188, subd. (a)(3).)[4] Garcia was not prosecuted under such a theory (e.g., the natural and probable consequences doctrine). No statute, caselaw, or jury instruction allowed the jury to impute malice to Garcia. To find Garcia guilty of the first degree, special circumstance murder as it did, the jury was required to find Garcia acted with intent to kill.

Garcia contends he was prosecuted under a theory "analogous to the natural and probable consequences doctrine." He asserts the trial court erred in admitting testimony from the prosecution's gang expert and this testimony, coupled with prosecutor's arguments regarding the testimony, "improperly supplied the element of malice upon which Garcia's conviction as

---

[4] Garcia initially raised an equal protection argument in this appeal, but he abandoned it, arguing section 1172.6, as amended by Senate Bill No. 775 (Stats. 2021, ch. 551, § 2 (2021-2022 Reg. Sess.)), expressly applies to theories of murder other than felony murder and murder under the natural and probable consequences doctrine. For the reasons explained in this opinion, however, section 1172.6 does not apply to Garcia's case.

an aider and abettor was based." He maintains: "The mental state of gang members was the foundation of the prosecutor's theory that Garcia knew Menendez was planning to kill someone, and that Garcia knowingly and intentionally aided Menendez with intent to kill." Garcia claims he was prosecuted "on the theory that [he] acted with the intent of a gang member," and "because the gang expert's testimony was improperly used in this case to 'prove' Garcia's 'intent to kill' [the victim] to obtain a murder conviction on an aiding and abetting theory, Garcia must be found to be eligible for resentencing under section [1172.6]." He also argues in the present appeal that there was "a failure of proof of intent to kill in this case."

We need not summarize herein the prosecution's gang expert's testimony on which Garcia bases these claims of evidentiary error in the admission of the expert's testimony and insufficiency of the evidence of malice. Suffice it to say Garcia characterizes the gist of the purported problematic testimony as follows: "[W]hen one gang member in a car possesses a gun, every other gang member in the car knows of the gun." Garcia's claims of evidentiary error and insufficiency of the evidence are not within the scope of section 1172.6; they are claims for a direct appeal. Indeed, Garcia and Menendez challenged the admission of the prosecution's gang expert's testimony in their direct appeal, relying on the same case Garcia discusses in the present appeal, *Killebrew, supra*, 103 Cal.App.4th 644. Garcia argued in his opening brief in his direct appeal, more than a decade ago, that the trial court erred under *Killebrew* in admitting the gang expert's testimony because " 'an expert witness may not offer an opinion on what a particular defendant is thinking.' " (*People v. Garcia, supra*, B221672, p. 32.) Section 1172.6 does not allow

Garcia to challenge the admission of the gang expert's testimony or the sufficiency of the evidence of malice. He was prosecuted on a theory of murder liability that is still valid today. The changes to sections 188 and 189 are inapplicable to his case. His time to raise claims of trial error has long since passed.

Because the jury instructions and verdict demonstrate Garcia is ineligible for relief under section 1172.6 as a matter of law, the trial court did not err in denying Garcia's section 1172.6 petition at the prima facie stage.

## II. Assembly Bill No. 333 Does Not Apply to Garcia's Case

Garcia filed supplemental briefing in this appeal regarding Assembly Bill No. 333. (Stats. 2021, ch. 699, § 3 (2021-2022 Reg. Sess.).) Assembly Bill No. 333 "amended section 186.22 to impose new substantive and procedural requirements for gang allegations." (*People v. Sek* (2022) 74 Cal.App.5th 657, 665.) Assembly Bill No. 333 applies retroactively "to acts committed before its passage provided the judgment convicting the defendant of the act is not final." (*Sek*, at pp. 666, 667.) Garcia's judgment of conviction was final in 2013, when the remittitur issued in his direct appeal. Thus, Assembly Bill No. 333 affords Garcia no relief.

In his supplemental reply brief, Garcia contends: "Even if Garcia's judgment was final at the time he filed his petition for resentencing, AB [Assem. Bill No.] 333 would require reversal of any gang enhancements if Garcia prevails at his section 1172.6, subdivision (d) hearing and the judge vacates his murder conviction. Once the conviction is vacated, there is no longer a judgment and current law applies to the resentencing." We need not address the merits of this contention because Garcia is

14

ineligible for relief under section 1172.6 as a matter of law for the reasons set forth above.

## DISPOSITION

The October 7, 2020 order denying the section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED

CHANEY, J.

We concur:

ROTHSCHILD, P. J.

BENKE, J.*

---

* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, Division One, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.